FILED

2020 Aug-07  AM 09:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLARA L. GOGGANS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:18-cv-01602-MHH** |
| | } | |
| **TARGET CORP.,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>ORDER</u>

Before the Court is defendant Target Corporation's motion for summary judgment.  (Doc. 24).  The Court has reviewed the parties' briefs, including briefing related to whether to preclude the testimony and affidavits of the plaintiff's expert Roger Davis, and the evidentiary record, including the surveillance video and Mr. Davis's "exemplar" video.  On August 5, 2020, the Court heard oral arguments on the motion for summary judgment.

Under Alabama law, a plaintiff alleging a premises liability suit must establish "duty, breach of duty, cause in fact, proximate or legal cause, and damages."  *Ex parte Harold L. Martin Distrib. Co., Inc.*, 769 So. 2d 313, 314 (Ala. 2000) (quotation omitted).  At summary judgment, "the plaintiff bears the burden of presenting substantial evidence as to each disputed element of her claim."  *Ex parte Harold L.*

*Martin Distrib. Co., Inc.*, 769 So. 2d at 314 (citation omitted). "There is no presumption of negligence which arises from the mere fact of an injury to an invitee." *Tice v. Tice*, 361 So. 2d 1051, 1052 (Ala. 1978)).

To survive summary judgment, Ms. Goggans must be able to establish that Target breached a duty that it owed to her. Under well-established Alabama law, a premises owner "owes an invitee the duty to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn of hidden defects and dangers that are known to the landowner but that are hidden or unknown to the invitee." *Galaxy Cable, Inc. v. Davis*, 58 So. 3d 93, 98 (Ala. 2010). The premises owner does not have a duty to protect invitees from all conceivable dangers but only those of which the premises owner has a "superior knowledge." *Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d at 314. "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *Sessions v. Nonnenmann,* 842 So. 2d 649, 652 (Ala. 2002).

Ms. Goggans cannot demonstrate that Target had or reasonably should have had a superior knowledge of the allegedly defective threshold. There is no evidence in the record that Target or its employees were aware of the alleged defect. Eric Fladstol, the store manager, testified that no one had been injured going through the doorway, and there been no complaints regarding the doors. (Doc. 25-3, p. 22). In

the five years preceding Ms. Goggans's fall, Target had received no injury complaints regarding the sliding doorway.  (Doc. 25-4, p. 4).

Ms. Goggans contends that Target should have been aware of the alleged defect because it had an obligation to inspect the sliding doorway.  Mr. Fladstol testified that the doors were inspected daily "to make sure the timing on the doors is correct" but not to inspect the threshold.  (Doc. 25-3, p. 18).  Mr. Davis, the plaintiff's expert, stated in his report that "the fault in the threshold should have been corrected upon discovery during a properly conducted inspection."  (Doc. 32-4, p. 12).  Accordingly, Ms. Goggans contends, had Target properly inspected the threshold, it would have discovered the alleged defect—the distance between the center component of the threshold and the inboard ramp exceeding ADA compliance by 1/8-inch when depressed.  The evidence in the record does not support this.

Discovery of the alleged defect would have required more than a visual inspection of the threshold.  Two experts using technical instruments, applying precise amounts of pressure to calculate very specific measurements came to separate conclusions—separated by 1/8 of an inch—about whether the deviation was acceptable or not.  For Target to know of the alleged defect, it would have at least required the same degree of inspection that the experts undertook.  And even then, as the dueling expert conclusions demonstrate, Target still may not have discovered

the alleged defect.  The duty to protect business invitees does not require such an exacting inspection to uncover possible hidden defects.

During oral argument, counsel for Ms. Goggans switched tactics, arguing that the threshold contained a hidden defect because it was loose.  But Ms. Goggans does not allege that she tripped over the threshold because it was loose.  Ms. Goggans testified that "there must have been something sticking up that was unusual" and that she "just saw that steel thing sticking up that I had never noticed before."  (Doc. 32-1, p. 21).  Her expert, Mr. Davis, testified that the threshold was "[l]oose, which enabled it to provide a tripping hazard." (Doc. 25-7, p. 108).[1]   Mr. Davis elaborated on this in his affidavit noting:  "The issue with the component not being firm and stable is that the hazard is not apparent when the ramp is not compressed downward;

---

[1] Mr. Davis's testimony that the threshold was "loose" stems from his conclusion that the threshold was not "firm" and "stable" as required by Section 302.1 of the ANSI.  Mr. Davis bases this opinion on "[t]he fact that [the threshold] will deflect."  (Doc. 25-7, p. 82).  This may not be the danger Section 302.1 protects against.  Section 302.1 states that "floor and ground surfaces shall be stable, firm, and slip resistant." (Doc. 25-7, p. 77).  Neither term is defined in the ANSI, but as Target points out in its motion to preclude Mr. Davis's testimony, the United States Architectural and Transportation Barriers Compliance Board defines the terms, with reference to their use in ADA accessibility guidelines, as follows:

> "Stability" – the degree to which a surface resists change from contaminants or applied force so that when the contaminant or force is removed, the surface returns to its original condition.

> "Firmness" – the degree of surface resistance to deformation, especially by indentation or the movement of objects.

(Doc. 25-5, p. 32).  That the threshold would deflect when pressure was applied is not in and of itself a defect.  In fact, it seems that even a "loose" threshold by Mr. Davis's definition would meet the compliance board's definition of firm and stable.

when the ramp is compressed, the adjacent center component of the threshold presents an obstruction 3/8-inch in height that can cause tripping." (Doc. 32-6). Thus, Ms. Goggans does not contend that the threshold was loose in the sense that it was not properly secured but that it permitted a depression that caused a tripping hazard—"that steel thing sticking up." (Doc. 32-1, p. 21). Because the evidence does not establish that Target had or should have had superior knowledge of the alleged defect in the threshold, it cannot be held liable under a premises liability theory. *See Maddox By and Through Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990) (requiring "actual or constructive notice" of the defect before a premises owner can be held liable). As a matter of Alabama law, Target owed no duty to Ms. Goggans.

For the reasons stated here and during the discussion on the record during the July 5, 2020 hearing, the Court enters judgment for Target as a matter of law. The Court shall follow with a final order closing the case.

**DONE** and **ORDERED** this August 7, 2020.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE